IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-37-D

| | | |
|---|---|---|
| TIMOTHY HANKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 7, 2018, Timothy Hankins ("Hankins" or "plaintiff"), proceeding pro se, applied to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 1]. On March 26, 2018, the court referred the motion to Magistrate Judge Swank for frivolity review [D.E. 5]. On August 20, 2018, Magistrate Judge Swank issued an order and Memorandum and Recommendation ("M&R") [D.E. 14], allowed plaintiff's application to proceed in forma pauperis, and recommended that the court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted and deny plaintiff's motions for a temporary restraining order and an ex parte hearing [D.E. 14]. On September 4, 2018, Hankins filed a notice of voluntary dismissal [D.E. 15].

Hankins now moves to reopen the case, and he has filed objections to the M&R [D.E. 16, 17]. The clerk has also filed and docketed as a motion what appears to be a copy of a mandamus petition that Hankins has filed in the United States Court of Appeals for the Fourth Circuit [D.E. 18]. Cf. Fed. R. App. P. 21(a)(1); In re Hankins, No. 19-1481 (4th Cir. 2019).

The court has considered Hankins's motions to reopen the case and his objections to the M&R under the governing standard. See Fed. R. Civ. P. 60(b); Aikens v. Ingram, 652 F.3d 496, 500–01 &

n.3 (4th Cir. 2011) (en banc); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); cf. Luxama v. McHugh, 675 F. App'x 272, 273 (4th Cir. 2017) (per curiam) (unpublished). "The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record. The court has reviewed de novo the portions of the M&R to which plaintiff objected, and the court overrules plaintiff's objections. If Hankins seeks to amend his complaint, the court evaluates the motion "for prejudice, bad faith, or futility." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc); see Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). Hankins's proposed complaint would be futile. The proposed amended complaint, like Hankins's original complaint, fails to state a plausible claim. See Katyle, 637 F.3d at 470–71. Thus, Hankins's motions for reconsideration lack merit.

If plaintiff seeks a writ of mandamus [D.E. 18], granting a writ of mandamus is a drastic remedy to be used only in extraordinary situations. See Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016); United States v. Moussaoui, 333 F.3d 509, 516 (4th Cir. 2003); In re Beard, 811 F.2d 818, 826

2

(4th Cir. 1987). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d at 826 (quotations omitted); see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Hankins has failed to make the requisite showing.

In sum, the court DENIES plaintiff's motions [D.E. 16–18].

SO ORDERED. This 8 day of May 2019.

J\_\_Dever

JAMES C. DEVER III
United States District Judge

3